ROBERT M. MURPHY, Judge.
| jjPlaintiffs-appellants, Nell Ladieu[1] and Ronald Lee, individually and on behalf of a class of persons similarly situated, appeal the trial court’s December 19, 2013 judgment granting the motion for involuntary dismissal of Plaintiffs’ motion for class certification filed by Defendant-appellee, Jefferson Parish Hospital Service District No. 2, d/b/a East Jefferson General Hospital (“EJGH”), and the trial court’s January 3, 2014 judgment denying Plaintiffs motion for class certification. Plaintiffs also seek review of the trial court’s May 7, 2013 judgment granting EJGH’s partial motion for summary judgment, which dismissed with prejudice the claims of the proposed class representatives, Ladieu and Lee, based upon the Health Care Consumer •Billing and Disclosure Protection Act (“Billing Act”), La. R.S. 22:1871 et seq., after finding that there is no private right or cause of action under the Billing Act.
For the reasons that follow, we reverse the trial court’s May 7, 2013 judgment dismissing Ladieu and Lee’s claims under the Billing Act in light of the Louisiana Supreme Court’s opinion in Anderson v. Ochsner Health System and Ochsner Clinic Foundation, 13-2970 (La.7/1/14), — So.3d -, 2014 WL 2937101. We vacate the trial court’s December 19, 2013 judgment granting EJGH’s motion for involuntary dismissal and its January 3, 2014 judgment denying Plaintiffs’ motion for class certification. We further remand the case to the trial court and order a rehearing of Plaintiffs’ motion for class certification in light of the Anderson case. Id.
FACTS AND PROCEDURAL HISTORY
On February 3, 2012, Ladieu and Lee filed a class action petition for damages *111 alleging that they were both involved in separate car accidents involving third parties and received treatment for their injuries at EJGH. At the time of their accidents, both Ladieu and Lee were insured by health insurance polieies-Ladieu was insured by Blue Cross Blue Shield and Lee was insured by United Healthcare, in addition to Medicare. The petition alleged that despite having health insurance, EJGH billed Ladieu and Lee personally for the covered services rendered by EJGH at amounts in excess of the reimbursement rates contracted between EJGH and Ladieu and Lee’s medical insurers. Specifically, EJGH billed Ladieu in the amount of $1,391 and billed Lee in the amount of $1,876.60.
Both Ladieu and Lee, through their counsel of record in their respective car accident lawsuits, sent EJGH correspondence advising EJGH that they had in place health insurance plans and requesting that EJGH remit the claims for the services rendered to their insurers. Instead of remitting their claims to their insurers, Plaintiffs alleged that EJGH sent their attorney medical lien letters asserting its privilege under La. R.S. 9:4751-4755 for the full amount of services rendered at undiscounted rates on any recovery received by Plaintiffs in connection with their underlying car accident claims. Ladieu ultimately paid EJGH a total of $1,043.25 for the services rendered to her, whereas Lee has not yet paid EJGH any amount for the services rendered to him.
| ¡¿Plaintiffs alleged that based on the foregoing, EJGH violated the Billing Act, La. R.S. 9:4752, and La C.C. art. 2299. La. R.S. 9:4752 provides that a health care provider, hospital, or ambulance service that furnishes services to any injured person shall have a privilege for their reasonable charges or fees on the net amount payable to the injured person out of the total amount of any recovery or sum collected from another person or insurance company on account of such injuries. Article 2299 provides that a person who has received a payment not owed to him is bound to restore it to the person from whom he received it. La. C.C. art. 2299. Plaintiffs brought the action on their own behalf, and on behalf of a similarly situated class consisting of the following individuals:
All persons who received “covered healthcare services” as defined by La. R.S. 22:872(8) provided by [EJGH], and at the time of the covered healthcare services had “health insurance coverage” as defined by La. R.S. 22:1872(18); and from whom [EJGH] attempted to recover any amount in excess of the “contracted reimbursement rate” as defined by La. R.S. 22:1872(7) and/or who paid [EJGH] in any manner including, but not limited to, liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the contracted reimbursement rate either directly and/or through them attorney and/or through a liability insurance carrier and/or "any third party in violation of La. R.S. 22:1872 et seq.
Plaintiffs’ petition further alleged that the proposed class consisted of two subclasses:
(A) “Attempt to recover” sub-class: [a] sub-class of persons who received covered healthcare services and who had health insurance coverage, and from whom, [EJGH] attempted to recover any amount in excess of the “contracted- reimbursement rate” since January 1, 2004. The members of-this sub-class seek a judgment declaring that [EJGH] violated La. R.S. 9:4751 by not billing the injured parties’ health insurers, and enjoining [EJGH] from continuing, that practice.
*112 (B) “Payor” sub-class: [a] sub-class of persons who received covered healthcare services and who had health insurance coverage, and/or who paid [EJGH] in any manner including but not limited to [sic] liability insurance proceeds and/or from proceeds of a settlement or judgment, an amount in excess of the “contracted reimbursement rate” either directly and/or through their attorney | fiand/or through a liability insurance carrier and/or any third party since January 1, 2004.
Plaintiffs alleged that Ladieu is the proposed class representative of the payor subclass, given that she made a payment to EJGH in excess of the contracted reimbursement rate negotiated between EJGH and her insurer. They also alleged that Lee is the proposed class representative of the attempt to recover sub-class, given that he had not yet made any payments to EJGH, but EJGH is still attempting to recover an amount in excess of the contracted. reimbursement rate negotiated between EJGH and his insurer.
On April 3, 2012, Plaintiffs filed a motion for class action certification of the aforementioned putative class and sub-classes. Prior to the motion for class certification being heard, EJGH filed two motions for partial summary judgment on January 29, 2013. In its first motion for partial summary judgment, EJGH sought to have La-dieu and Lee’s claims based upon violations of the Billing Act dismissed, on the grounds that the Billing Act does not afford a private right of action to individuals who allege such violations. Rather, EJGH asserted that the Billing Act affords the Attorney General the right to bring an action to enforce Billing Act violations. In its second motion for partial summary judgment, EJGH sought to have Lee’s claims based upon La. C.C. art. 2299 dismissed because Lee had not paid anything to EJGH.
The trial court held a hearing on both of EJGH’s motions for partial summary judgment on April 23, 2013. Although the trial judge expressed uncertainty as to her ruling on EJGH’s motion seeking the dismissal of Ladieu and Lee’s Billing Act claims, the trial court granted both of EJGH’s motions for partial summary judgment at the conclusion of the hearing. On May 7, 2013, the trial court signed a judgment dismissing with prejudice Ladieu and Lee’s claims based |7upon alleged violations of the Billing Act, finding that the Billing Act does not provide them with a private right of action to sue for alleged violations thereof. The judgment also dismissed with prejudice Lee’s claims based upon La. C.C. art. 2299.
Subsequently, on July 18, 2013, EJGH filed two additional motions for partial summary judgment seeking the denial of class certification of specific claims. The first motion, titled “Motion to Strike Class Allegations and for Partial Summary Judgment Denying Class Certification,” sought to dismiss the putative class members’ claims based upon violations of the Billing Act, on the grounds that the trial court dismissed the same claims of the proposed class representatives, Ladieu and Lee, in its prior May 7, 2013 judgment. In opposition, Plaintiffs argued that although the trial court previously ruled that the Billing Act does not provide a private right of action, the Billing Act provides the standard of conduct applicable to the putative class members’ causes of action under Article 2299 and La. R.S. 9:4752, and asked the trial court to revisit its prior ruling granting EJGH’s two previous motions for partial summary judgment.
In its second motion titled, “Motion for Partial Summary Judgment Denying Class Certification of Claims Based on Civil *113 Code Article 2299,” EJGH sought to dismiss the putative class members’ claims based on payment of a thing not owed under Article 2299 because (1) the attempt to recover sub-class members, like Lee, have paid nothing to EJGH; and (2) the payor sub-class members would be required to establish facts peculiar to each member which defeats the commonality and predominancy requirements of La. C.C.P. art. 591.
At the conclusion of the September 5, 2013 hearing on EJGH’s motions for partial summary judgment, the trial court granted in part and denied in part EJGH’s “Motion for Partial Summary Judgment Denying Class Certification of ^Claims Based on Civil Code Article 2299.” Specifically, the trial court granted EJGH’s motion as to the attempt to recover sub-class members’ claims under Article 2299, and denied the motion as to the payor subclass members’ claims under Article 2299. The trial court also denied EJGH’s “Motion to Strike Class Allegations and for Partial Summary Judgment Denying Class Certification” as to the putative class members’ claims based upon violations of the Billing Act. The trial court did not provide oral or written reasons for its ruling, and signed a written judgment to this effect on September 16, 2013.
On December 16, 2013, the trial court conducted a hearing on Plaintiffs’ motion for class certification. During Plaintiffs’ case-in-chief, Ladieu and Lee both testified and Plaintiffs introduced documentary evidence, including the deposition testimony of Jennifer Herron, an insurance collector in EJGH’s patient financial services office, and contracts between EJGH and various health insurers. EJGH objected to the admission of its contracts with the health insurers on the grounds that Plaintiffs are not parties to the contracts, and therefore, do not have standing to assert claims based on them, especially given that most of the contracts contained provisions prohibiting the creation of third-party beneficiaries such as Plaintiffs.[2]
After Plaintiffs rested their case, EJGH moved for an involuntary dismissal of Plaintiffs’ claims on the grounds that Plaintiffs had not shown-that Ladieu’s payment to EJGH exceeded what would have been billed to her insurer or that Lee’s United Healthcare insurance was his primary insurance, as opposed to his Medicare coverage; and that Plaintiffs have not and cannot prove commonality among the proposed class representatives and the putative class members when each individual’s hospital treatment, billing history and health insurance plans will | ^differ from individual to individual, thereby rendering class certification inappropriate. EJGH further emphasized that the trial court had already ruled that Ladieu and Lee did not have a private right of action under the Billing Act, and accordingly, dismissed their claims thereunder with prejudice. As a result EJGH argued that “[Ladieu and Lee] don’t have a private right of action [under the Billing Act], so they certainly couldn’t represent ... a putative class of individuals that might be similarly situated.”
In opposition to EJGH’s motion, Plaintiffs argued that EJGH had already provided Plaintiffs with the billing information specific to individual members of the putative class through its discovery responses. They contended that Jennifer Herron testified regarding EJGH’s software program, MedAssets, which automatically cal *114 culates the amount a health insurer would pay for a particular patient. Plaintiffs further argued that EJGH could not skirt its obligations under the Billing Act, or under Article 2299, by relying on the argument that Plaintiffs are not third-party beneficiaries to the contracts between EJGH and their health insurers.
After the parties concluded their arguments, the trial court held that Plaintiffs failed to meet their burden of proof of establishing each element under La. C.C.P. art. 591, and therefore, granted EJGH’s motion for involuntary dismissal of Plaintiffs’ motion for class certification and denied certification of Plaintiffs’ putative class. On December 19, 2013, the trial court signed a written judgment granting EJGH’s motion for involuntary dismissal, dismissing Plaintiffs’ motion for class certification with prejudice, and issued written reasons for judgment. In its reasons for judgment, the trial court provided, in pertinent part, as follows:
|inAfter reviewing the evidence submitted, the Court concludes that, based on the showing made, the plaintiff [sic] has failed to establish all of the required elements for class certification, particularly La. C.C.P. art. 591(A)(2), (3) & (B)(3) and to “commonality” and “typicality.” The Court cannot say that common questions of law and fact will predominate over questions affecting individual class members. Nor can the Court say that the claims of the proposed class representatives will be typical of the class as a whole. The plaintiffs have failed to show that the class can be defined without reference to aspects specific to an individual plaintiffs case, such as, under which insurance plan a plaintiff was insured, whether the treatment provided was covered under such plan, contracted reimbursement rates for the services provided, for what portion of payment, if any, was a patient’s responsible [sic], and how and from whom EJGH attempted to collect.
On January 3, 2014, the trial court signed a judgment denying Plaintiffs’ motion for class certification. Plaintiffs’ appeal now follows.
ASSIGNMENTS OF ERROR
1. The trial court erred in finding there is no private right of action under the Billing Act.
2. The trial court erred in determining that Plaintiffs.failed to establish the “commonality” and “typicality” requirements under La. C.C.P. art. 591(A)(2)-(3).
3. The trial court erred in determining that Plaintiffs failed to establish the “predominancy” requirement under La. C.C.P. art. 591(B)(3).
4. The trial court erred in denying certification of a “payor” sub-class under La. C.C.P. art. 591(B)(3).
5. The trial court erred in failing to address or rule upon Plaintiffs’ motion to certify a non-payor sub-class under La. C.C.P. art. 591(B)(2).
LAW AND DISCUSSION
Ip their first assignment of error, Plaintiffs contend that the trial court’s May 7, 2013 judgment granting EJGH’s motion for partial summary judgment and dismissing with prejudice Ladieu and Lee’s Billing Act claims, based upon its finding that the Billing Act does not provide a private right of action, was made in error and adversely impacted the trial court’s subsequent decision to deny their motion for class certification. Specifically, Plaintiffs contend that in light of the | ^Louisiana Supreme Court’s recent decision in Anderson v. Ochsner Health System and Ochsner Clinic Foundation, 13-2970 (La.7/1/14), — So.3d -, 2014 WL *115 2937101, wherein the Court found that an express right of action is available under La. R.S. 22:1874(B) of the Billing Act based on the assertion of a medical lien, the trial court’s determination that the Billing Act did not afford Ladieu or Lee a private right of action must be reversed. For the reasons that follow, we agree.
In Anderson, the Court granted the defendant’s writ application in a case factually similar to the instant case to determine whether the plaintiff, Yana Anderson, had a private right of action for damages under the Billing Act. Id. at -, 2014 WL 2937101, at *3. Anderson alleged that the hospital-defendant, Ochsner, provided her medical treatment after she sustained injuries in a car accident caused by a third party. Despite having health insurance and providing proof of that insurance to Ochsner, Anderson alleged that Ochsner refused to file a claim with her insurer, and instead sent a letter to her attorney asserting a medical lien for the full amount of undiscounted charges on any recovery she received for her underlying car accident. Id. at-, 2014 WL 2937101, at *2. Based upon these allegations, Anderson filed a putative class action against Ochs-ner, individually and on behalf of a putative class, claiming that Ochsner violated the Billing Act, which prohibits Ochsner from collecting or attempting to collect from an insured patient any amount owed by the insurer, or in excess of the contracted reimbursement rate. Id.
In response, Ochsner filed a motion for summary judgment, just as EJGH did in the instant case, contending that no private right of action existed under the Billing Act. Id. However, the trial court in Anderson denied Ochsner’s motion, finding that the legislature intended to provide a private right of action under the Billing Act. Id.. This Court denied Ochsner’s writ application finding that the parties had an adequate remedy on appeal. See Anderson v. Ochsner Health System and Ochsner Clinic Foundation, 13-C-798 (La.App. 5 Cir. 11/21/13) (unpublished writ disposition).
Because the Billing Act was silent as to the existence of a private right of action, the Louisiana Supreme Court made a determination of legislative intent and found that it supported the existence of an implied private right of action to sue under the Billing Act. Id. at-, 2014 WL 2937101, at *8-*9. The Court further found that an express right of action exists under La. R.S. 22:1874(B) of the Billing Act because Ochsner’s act of asserting a medical lien under La. R.S. 9:4754 amounts to “maintaining an action at law” as set forth in La. R.S. 22:874(B) of the Billing Act. Id.
When applied to the instant case, we find that Anderson requires a reversal, in part, of the trial court’s May 7, 2013 judgment; insofar as it dismissed with prejudice Ladieu and Lee’s claims under the Billing Act based upon the trial court’s finding that the Billing Act did not provide them with a private right of action.[3] Initially, we recognize that the law regarding the existence of a private right of action under the Billing Act had not yet been clarified at the time of the trial court’s judgment in this case. However, we find that in light of the Louisiana Supreme Court’s decision in Anderson, Ladieu and Lee must be allowed to proceed with their claims based upon EJGH’s alleged violations of the Billing Act.
*116 Just as in Anderson, Plaintiffs in this case allege that they received medical treatment at EJGH after sustaining injuries in car accidents caused by third parties. Despite providing EJGH with their health insurance plan information, Plaintiffs allege that EJGH refused to file claims with them insurers in accordance with their requests and instead sent letters to their attorney. asserting medical liens under La. R.S. 9:4751^1755 for the full amount of services rendered at undiscount-ed rates, on 113any recovery Plaintiffs received in connection with their underlying car accident claims. Because the Court in Anderson held that an express right of action is available under La. R.S. 22:1874(B) of the Billing Act based on a health care provider’s assertion of a medical lien under La. R.S. 9:4754, we find that the trial court’s dismissal of Ladieu and Lee’s Billing Act claims based on its finding of no private right of action under the Billing Act must be reversed. Accordingly, we reverse in part the trial court’s May 7, 2013 judgment, granting E JGH’s motion for partial summary judgment and dismissing with prejudice Ladieu and Lee’s claims under the Billing Act.
Given our reversal of the trial court’s judgment dismissing Ladieu and Lee’s claims under the Billing Act, as well as the Court’s decision in Anderson, w& further find that the issue of class certification in this case must be re-tried, as the trial court’s dismissal of those claims may have impaired its analysis in denying class certification.
In Louisiana, class actions are governed by La. C.C.P. art. 591 et seq. Article 591(A) provides that a class action must meet five threshold prerequisites, often referred to as numerosity, commonality, typicality, the adequacy of representation, and an objectively definable class. Hebert v. Ochsner Fertility Clinic, 12-239 (La.App. 5 Cir. 10/16/12), 102 So.3d 913, 917. Specifically, La. C.C.P. art. 591(A) requires the following:
(1) The class is so numerous that join-der of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class. ,
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. This | Uprerequisite shall not be satisfied if it is necessary for the court to inquire into the merits of each potential class member’s cause of action to determine whether an individual falls within the defined class.
The second level of analysis for determining whether to certify a class action is governed by La. C.C.P. art. 591(B). Husband v. Tenet HealthSystems Mem’l Med. Ctr., Inc., 08-1527 (La.App. 4 Cir. 8/12/09), 16 So.3d 1220, 1231, writ denied, 09-2163 (La.12/18/09), 23 So.3d 949. A court reaches this level of analysis only if it finds that all the requirements of La. C.C.P. art. 591(A) have been satisfied, and only one of the requirements of La. C.C.P. art. 591(B) must be shown. Id.
In granting EJGH’s motion for involuntary dismissal of Plaintiffs’ motion for class certification in this case, the trial court found that Plaintiffs failed to establish all of the prerequisites of La. C.C.P. art. 591(A), specifically the “commonality” requirement of La. C.C.P. art. 591(A)(2) and *117 the “typicality” requirement of La. C.C.P. art. 591(A)(3). The trial court also found that Plaintiffs failed to establish the “pre-dominancy” requirement of La. C.C.P. art. 591(B)(3), which requires the court to find “questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superi- or to other available methods for the fair and efficient adjudication of the controversy.” However, at the time of the class certification hearing, the Billing Act claims of the proposed class representatives, La-dieu and Lee, had been dismissed with prejudice, while the Billing Act claims of the putative class members were still viable by virtue of the trial court’s September 16, 2013 judgment denying EJGH’s motion for partial summary judgment seeking dismissal of those claims.
11fiBecause the trial court dismissed the Billing Act claims of the proposed class representatives Ladieu and Lee prior to the class certification hearing, the trial court could not have found commonality or typicality between those proposed class representatives and the putative class members seeking to pursue Billing Act claims. As a result, we are persuaded by EJGH’s argument in support of its motion for involuntary dismissal that given the posture of the case at the time of the class certification hearing, Ladieu and Lee could not have represented a putative class of individuals who may have had Billing Act claims. However, in light of the Louisiana Supreme Court’s decision in Anderson, we now know that Ladieu and Lee do in fact have private rights of action to sue EJGH for its alleged violations of the Billing Act, thus requiring the issue of class certification of the putative class to be re-tried in a manner consistent with the Anderson case. Therefore, we pretermit any discussion of Plaintiffs’ remaining assignments of error and remand the case to the trial court and order a rehearing of Plaintiffs’ motion for class certification, taking into consideration the Louisiana Supreme Court’s opinion in Anderson.
CONCLUSION
For the foregoing reasons, we reverse in part the trial court’s May 7, 2013 judgment dismissing Ladieu and Lee’s claims under the Billing Act, in light of the Louisiana Supreme Court’s opinion in Anderson. We vacate the trial court’s December 19, 2013 judgment granting EJGH’s motion for involuntary dismissal and its January 3, 2014 judgment denying Plaintiffs’ motion for class certification. We further remand the case to the trial court, and order a rehearing of Plaintiffs’ motion for class certification in light of the Anderson case.

REVERSED IN PART; VACATED AND REMANDED

. Plaintiffs have indicated that Ladieu is the correct spelling of plaintiff Nell Ladieu's name, as opposed to Ladieux.

. The trial court ultimately admitted the contracts between EJGH and the health insurers for the sole purpose of determining whether the contracts contained prohibitions against third-party beneficiaries.

. The trial court's May 7, 2013 judgment also granted EJGH's separate motion for partial summary judgment seeking dismissal of Lee’s claims based upon La. C.C. art. 2299. However, we do not address that aspect of the judgment, as it has not been raised in this appeal.